**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 23 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGORY LESLIE GIBSON,

      Petitioner - Appellant,

vs.

TWYLA SNYDER,

      Respondent - Appellee.

No. 01-6252
(D.C. No. 97-CV-1343-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

Petitioner-Appellant Gregory Leslie Gibson, an inmate appearing pro se, seeks a certificate of appealability ("COA") allowing him to appeal the district court's order denying relief on his petition for a writ of habeas corpus, 28 U.S.C. § 2254. Because Mr. Gibson has failed to make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

his request and dismiss the appeal.

Mr. Gibson pleaded *nolo contendere* to a charge of trafficking in illegal narcotics after former conviction of two or more prior felonies, and received a sentence of fifty years. Mr. Gibson entered his plea as part of a plea agreement in order to avoid a mandatory sentence of life without parole. Mr. Gibson later moved to withdraw his plea, claiming he entered it involuntarily due to ineffective assistance of counsel based on his counsel's failure to raise vital challenges to the plea. He also summarily alleged other acts of deficient counsel performance including failure to: (1) seek extraordinary relief by not requesting an evidentiary hearing; (2) call witnesses; (3) return his calls and correspondence; (4) prosecute his defense; (5) withdraw as counsel; (6) challenge his prior convictions; and (7) properly advise him in this and another case. Following a hearing on the matter, the state court denied his motion to withdraw his plea and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the state court's decision.

Mr. Gibson then filed his federal habeas petition raising an involuntary plea claim. Specifically, he claimed the trial court did not: (1) advise him of the presumption of innocence, his constitutional right against self-incrimination or the state's burden to prove his guilt beyond a reasonable doubt; or (2) inquire as to whether his plea was coerced. He also claimed neither counsel nor the trial

court advised him of the nature or elements of the charges against him including the state's burden of proving he "knowingly" possessed the cocaine in his pocket. He also asserted his attorney provided ineffective assistance of counsel by coercing him to plead *nolo contendere* and by failing to: (1) investigate the fact the indictment did not state "knowingly" as an element of the crime; (2) file a motion to suppress; (3) file a timely appeal; (4) allow the court to accept his plea knowing he was not advised of all his rights; (5) seek extraordinary relief; (6) withdraw as counsel; and (7) investigate the circumstances of his arrest. The magistrate judge issued a Report and Recommendation, recommending dismissal of the petition on the issue of the voluntariness of his plea. The magistrate judge determined Mr. Gibson was fully informed of the charge against him, his rights with respect to that charge, and the consequences of entering a plea, and that he consciously chose to enter his plea. The district court adopted the magistrate judge's Report and Recommendation and denied Mr. Gibson's petition.

On appeal, a Tenth Circuit panel affirmed the determination that Mr. Gibson's *nolo contendere* plea was voluntarily entered and not coerced. The panel concluded, however, that the district court had not addressed Mr. Gibson's specific issue concerning the element of "knowing" possession or ascertained whether he properly exhausted that and the other remaining unaddressed

ineffective assistance of counsel issues.

On remand, the district court again referred Mr. Gibson's petition to the magistrate judge, who after briefing again recommended that Mr. Gibson's petition be denied. After considering Mr. Gibson's objections, the district court adopted the recommendation in its entirety and denied Mr. Gibson's petition. In this appeal, Mr. Gibson asserts that the trial court and his defense counsel failed to inform him of the "knowingly" element required for his conviction. Mr. Gibson relies on this alleged failure to claim that his guilty plea was involuntary. In addition, Mr. Gibson relies on this and a number of other factors in claiming that he received ineffective assistance of counsel.

We have carefully reviewed Mr. Gibson's request for a COA, his appellate brief, the magistrate judge's recommendation, and the appellate record, and conclude that Mr. Gibson has failed to demonstrate that the issues he raises are debatable among jurists, that a court could resolve the issues differently, or that the questions presented deserve further proceedings. See Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). As such, Mr. Gibson has failed to make the "substantial showing of the denial of a constitutional right" required for a COA. 28 U.S.C. § 2253(c)(2).

Accordingly, for substantially the reasons set forth by the Magistrate Judge,

we DENY Mr. Gibson's requests for a COA and IFP and DISMISS his appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge